Mark Allen MOCK *v.* STATE of Arkansas

CR 87-66                                     728 S.W.2d 513

Supreme Court of Arkansas
Opinion delivered May 4, 1987

*Robert E. Irwin*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

PER CURIAM. Mark Allen Mock was convicted of possession of a controlled substance in the Pope Circuit Court, receiving a ten year sentence. The judgment of conviction was upheld by the Court of Appeals on February 18, 1987. Pursuant to A.R.Cr.P. Rule 37.2 Mark Allen Mock brings this petition for permission to file for post conviction relief under Rule 37 based on ineffective assistance of counsel. We find no merit in his arguments.

The petition consists of two general allegations: 1) that a witness for the state was permitted to testify to prior amphetamine transactions with petitioner, but that defense counsel did

not object or move for a mistrial until prejudice had resulted; and 2) that defense counsel objected to testimony by a witness at a suppression hearing who refused to answer questions based on self-incrimination but because counsel failed to preserve the point for review the Court of Appeals rejected the argument that Mock was denied the right to confront the witnesses against him.

■■ Counsel is presumed to be competent and to overcome that presumption the petitioner must show by clear and convincing proof that some prejudice resulted which deprived him of a fair trial. *Hayes* v. *State*, 280 Ark. 509, 660 S.W.2d 648 (1983). Bare allegations that counsel failed to object to certain questions, or failed to preserve some issue for review do not suffice. Id. The allegations of this petition demonstrate neither ineffective assistance of counsel nor prejudice so great as to deprive the accused of a fair trial. Accordingly, the petition is denied.